NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BONNIEVIEW HOMEOWNERS ASSOCIATION, LLC, Et al.<br><br>    Plaintiff,<br><br>  v.<br><br>WOODMONT BUILDERS, LLC, Et al,<br><br>    Defendants. | CIVIL ACTION NO. 03cv4317 (DRD)<br><br><br><br>**OPINION** |

Appearances

RIKER, DANZIG, SCHERER, HYLAND, & PERRETTI, LLP
Jeffrey B. Wagenbach, Esq.
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
 *Attorneys for Plaintiffs*

MILBNER, MAKRIS, PLOUSADIS, & SEIDEN, LLP
David J. Montag, Esq.
411 Hackensack Avenue, Suite 303
Hackensack, New Jersey 07601
 *Attorneys for Defendant Maser Consulting, P.A.*

SZAFERMAN, LAKIND, BLUMSTEIN, BLADER, & LEHMAN, P.C.
Jeffrey P. Blumstein, Esq.
Quakerbridge Executive Center
101 Grovers Road, Suite 104
Lawrenceville, New Jersey 08648
 *Attorneys for Defendant Post, Buckley, Schuh & Jernigan, Inc.*

HACK, PIRO, O'DAY, MERKLINGER, WALLACE, & MCKENNA
Peter A. Piro, Esq.
30 Columbia Turnpike
Post Office Box 941
Florham Park, New Jersey 07932

*Attorneys for Defendants Jacob Dunnell, III and Princeton Hydro, LLC*

### OPINION

**DEBEVOISE, Senior District Judge**

Presently before the court is Defendant Maser Consulting's ("Maser") motion to dismiss Plaintiff's complaint and all Cross Claims filed against Maser. For the reasons set forth below Defendant's motion is granted in part, and denied in part.

### FACTS

The plaintiffs in this action, Bonnieview Homeowners Association, LLC ("Plaintiffs") are fifteen homeowners who live on Bonnieview Lane in Montville Township, New Jersey who purchased their homes at various times between January 2001 and October 2002. Plaintiffs seek damages for costs incurred because their property was contaminated with pesticides and other hazardous substances remaining by reason of its use as an orchard by previous owners. Plaintiffs have filed suit against the builders of their homes ("Woodmont Builders"), the immediate prior owner of the residential lots on which their homes were built ("Woodmont Court"), the real estate brokerage firm that arranged the sale of the property ("Associated Sales"), Montville Township, the previous owners of the property, and the environmental consulting firms which surveyed the land on different occasions before the sales took place ("PBS&J," "Princeton Hydro," "and "Maser").

In February 2005 Plaintiffs filed an amended complaint in which count seventeen alleges

that Maser, in its employ as environmental professionals, acted negligently in performing an investigation and analysis of the property which was subdivided and subsequently sold to the Plaintiffs. Plaintiffs allege that Montville Township contracted with Maser to conduct an environmental analysis of the property in August 2000. Maser was supposed to have completed its analysis within six months. Maser's analysis and discovery of contaminants was not complete until August 2002. Plaintiffs claim that Maser, as environmental professionals with knowledge of the potential hazards presented by former orchards and agricultural sites as a result of pesticide contamination, owed Plaintiffs an independent duty to disclose those hazards and risks, and to proceed with its investigation of the property in a reasonable fashion and within an appropriate time frame. On March 30, 2005, Maser filed an answer to the complaint with a jury demand and cross claim against the other defendants in the case. Defendants PBS&J and Princeton Hydro have filed cross claims against Maser as well.

## DISCUSSION

Maser has moved to dismiss with prejudice plaintiffs claim as well as any and all cross claims which other defendants filed against Maser. Maser cites the plaintiffs' failure to file an Affidavit of Merit in accordance with N.J.S.A. 2A:53A-26 *et seq.* as the basis for dismissal with prejudice. Plaintiffs contend that an affidavit of merit is not required because (1) Maser's environmental scientists that performed the activities giving rise to the negligence claim were not "licensed persons" under N.J.S.A. 2A:53A-26, (2) the activities at issue in this litigation - environmental soil sampling, reporting, and advising are not within the profession or practice of a licensed engineer, and (3) expert testimony is not needed to prove Plaintiff's claim.

3

> In any action for damages...resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices...the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.
>
> N.J.S.A. 2A:53A-27

A. <u>Licensed Person</u>

A "licensed person" for the purposes of this case is defined as "an engineer" pursuant to N.J.S.A. 45:8-27 *et seq.* N.J.S.A. 2A:53A-26(e). The term "professional engineer" is defined as a person who by reason of his special knowledge of the mathematical and physical sciences and the principles and methods of engineering analysis and design, acquired by professional education and practical experience, is qualified to practice engineering as hereinafter defined as attested by his license as a professional engineer. N.J.S.A. 45:8-28. There is no dispute that Maser is a professional engineering organization which is licensed and holds a certificate of authorization issued by the State in accordance with these rules. Additionally, the project manager, Kenneth F. Najjar, Ph.D, P.E. certified that he is a state licensed engineer and served as the project manager for Maser providing environmental engineering services on the Township of Montville project.

In <u>Martin v. Perinni Corp.</u>, 37 F. Supp.2d 362, 365 (D.N.J. 1999), plaintiffs argued that

the Affidavit of Merit statute only governs alleged acts of negligence committed by licensed persons and does not apply to cases involving the negligence of unlicensed employees of those persons.  The court noted that pursuant to the doctrine of *respondeat superior*, a negligent act committed by an employee acting within the scope of his employment is imputed to the employer who then becomes secondarily liable for the act.  Id. citing Countryside Oil Co., Inc. V. Travelers Ins. Co., 928 F. Supp. 474, 482 (D.N.J. 1995).  Due to the doctrine of *respondeat superior*, the court held that since an Affidavit of Merit must be provided in actions resulting from "an alleged act of negligence by a licensed person" (per N.J.S.A. 2A:53A-27), an affidavit must also be provided where a negligent act committed by an unlicensed person in the course of his employment may be imputed to a licensed person.  Martin, 37 F.Supp.2d at 365.

In the present case, plaintiffs argue that since the environmental scientists who performed the activities giving rise to the negligence claim were not "licensed persons" under N.J.S.A. 2A:53A-26, they should not be required to provide an Affidavit of Merit.  This contention must be rejected under the reasoning of the Court in Martin above.  Maser is a licensed engineering firm as defined in the statute, and it has been alleged to be liable in the instant case for the actions/ inactions of both licensed and unlicensed employees in the due course of their employment.

B. Activities Performed by Maser

Plaintiffs additionally claim that the activities performed by Maser which were alleged to constitute negligence in the present case are not within the profession of a licensed engineer as defined by N.J.S.A. 45:8-28 and do not require that an Affidavit of Merit be filed.  Defendants

5

state that Maser in its performance relating to this case, worked in the environmental engineering branch of the engineering profession. Although the statute defining engineering work does not specifically include environmental engineering or the dozens of other sub-fields and specialties of engineering, this is certainly not excluded from the purview of the statute.

> A person shall be construed to practice or offer to practice engineering, within the meaning and intent of this chapter, who practices any branch of the profession of engineering; or who, by verbal claim, sign, advertisement, letterhead, card, or in any other way represents himself to be a professional engineer, or through the use of some other title utilizing or including the word engineer, implies that he is a professional engineer; or who represents himself as able to perform, or who does perform any engineering service or work or any other professional service recognized by the board as professional engineering.
>
> N.J.S.A. 45:8-28

The statute defining what constitutes the "practice" of engineering does not specifically list the branches it refers to in the above cited paragraph; however, Montville Township Resolution No. 2000 (Plaintiffs exhibit "B") specifically states that Maser was hired for the express purpose of providing the services of "an environmental engineering expert in conjunction with environmental issues at Glenview Woods." Although the New Jersey State Board of Professional Engineers and Land Surveyors provides no listing of engineering sub-disciplines, its licensing procedures require that a prospective licensee take an exam in his particular sub-discipline coordinated through the National Council of Examiners for Engineering and Surveying ("NCEES"). NCEES lists "Environmental Engineering" as a branch of engineering along with chemical, mechanical, civil, and other more well known sub-disciplines. Additionally, the 2004-2005 Edition of the United States Department of Labor's Occupation Outlook handbook states that:

> Using the principles of biology and chemistry, environmental engineers develop solutions to environmental problems. They are involved in water and air pollution control, recycling, waste disposal, and public health issues. Environmental engineers conduct hazardous-waste management studies in which they evaluate the significance of the hazard, offer analysis on treatment and containment, and develop regulations to prevent mishaps. They design municipal water supply and industrial wastewater treatment systems. They conduct research on proposed environmental projects, analyze scientific data, and perform quality control checks.
>
> Environmental engineers are concerned with local and worldwide environmental issues. They study and attempt to minimize the effects of acid rain, global warming, automobile emissions, and ozone depletion. They also are involved in the protection of wildlife.
>
> Many environmental engineers work as consultants, helping their clients to comply with regulations and to clean up hazardous sites.

It is clear that the legislature's intent in drafting the Affidavit of Merit statute was to ensure that claims of professional negligence are accompanied by supporting documentation to reduce the occurrence of frivolous lawsuits. Licensed Engineers are listed as one of the professions which require that an Affidavit of Merit be filed, and one is engaged in "the practice of engineering," as listed in the licensing requirements, whenever one is practicing in any branch of engineering. In the present case, had Maser performed the actions it was hired by the Township of Montville to do without a license, they certainly would have been liable for practicing engineering without a license in violation of the licensing statute. Plaintiffs' argument is without merit. Maser qualifies as a "licensed person" under the statute and the activities it was hired to perform were those of an "environmental engineer." This action clearly falls under the purview of the Affidavit of Merit Statute.

C. <u>Whether Expert Testimony is Required</u>

7

Plaintiffs further contend that an Affidavit of Merit is not required because expert testimony will not be necessary to prove their cause of action against Maser. Plaintiffs state that their primary claim against Maser is that Maser failed on behalf of Montville Township to provide Plaintiffs with timely notice of the presence of the soil contamination and to inform Plaintiffs of the implications of the additional sampling of Plaintiffs' property. "As a result, Plaintiffs suffered damages because they were unable to make informed decisions about the environmental investigation of their properties or to take timely steps to mitigate environmental contamination." In their brief, Plaintiffs assert that as of yet there is no allegation that Maser's actual physical soil sampling work was negligently performed.

In Couri v. Gardner, 173 N.J. 328, 801 A.2d 1134 (2002), the Supreme Court of New Jersey explained the analysis which is to be performed in cases where lawsuits are filed against professionals not for malpractice actions, but for breach of contract or other types of tort claims. The Court held that it is not the label placed on the action that is pivotal but rather the nature of the legal inquiry. When presented with a tort or contract claim asserted against a professional, rather than focusing on whether the claim is denominated as tort or contract, attorneys and courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession. Id. at 340-341. If such proof is required, an affidavit of merit is required for that claim, unless some exception applies. Id., citing Hubbard v. Reed, 168 N.J. 387, 390, 774 A.2d 495 (2001) (holding that an affidavit of merit is not required in "common knowledge" cases when an expert will not be called to testify that defendants' care skill or knowledge fell outside acceptable professional or occupational standards or treatment practices). The Court further stated that "when asserting a claim against a

8

professional covered by the statute, whether in contract or in tort, a claimant should determine if the underlying factual allegations of the claim require proof of a deviation from the professional standard of care for that specific profession. If such proof is required, an affidavit of merit shall be mandatory for that claim, unless either the statutory, *N.J.S.A.* 2A:53A-28, or common knowledge exceptions apply." Couri, 173 N.J. at 340-341, 801 A.2d at 1141 (N.J. 2002).

Under the common knowledge doctrine, a malpractice case against a licensed professional may present triable issues without requiring the testimony of an expert. In such a case the jury itself is allowed "to supply the applicable standard of care and thus to obviate the necessity for expert testimony relative thereto." Sanzari v. Rosenfeld, 34 N.J. 128, 141, 167 A.2d 625 (1961). The trial of such a case is essentially no different from "an ordinary negligence case." Id.; see Buckelew v. Grossbard, 87 N.J. 512, 527, 435 A.2d 1150 (1981). Nevertheless, it is the unusual professional malpractice case in which the common knowledge doctrine can be invoked. Hake v. Manchester Township, 98 N.J. 302, 313, 486 A.2d 836 (1985). The basic rule for applying the common knowledge doctrine in a malpractice action "is that the issue of negligence is not related to technical matter peculiarly within the knowledge of the licensed practitioner." Sanzari, 34 N.J. at 142, 167 *A.*2d 625. The most appropriate application of the common knowledge doctrine involves situations "where the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." Sanzari, 34 N.J. at 140, 167 A.2d 625.

In the present case, Plaintiffs, in count seventeen of the amended complaint, allege that Maser breached its duty to disclose the hazards and risks, and to proceed with its investigation of the property and adjacent residential lots in a reasonable fashion and appropriate time frame.

Maser's initial letter to Montville dated July 11, 2000, estimated that it would be done with its Preliminary Assessment within approximately one to two months, and its Site Investigation within approximately four months after that. Plaintiffs claim this analysis took approximately two years to complete, during which time members of the association all purchased homes on land which unbeknownst to them or the township was contaminated with various toxic chemicals. Plaintiffs claim that an expert will not be required to prove the apparent "breach" by Maser, while Maser argues that in order to establish the professional duty owed by it, expert testimony is needed. This court agrees with Maser.

Expert testimony will be required to show that Maser inadequately performed its duties (if it had any duties) to the Township and to plaintiffs. The issue at hand is the time Maser took to complete its analysis. An expert will be required to show the industry standard on projects such as the one undertaken by Maser for the Township of Montville, and to assist the trier of fact determine whether certain factors or situations which resulted in the delay of the completion of this project were the result of professional incompetence on the part of Maser or the result of uncontrollable circumstances which typically occur during the types of analyses performed by Maser in the instant case. It will be impossible for a lay person to determine whether or not two years is an adequate, professionally responsible amount of time to complete these phases of the analysis without the assistance of someone who is familiar with the various facets of environmental engineering. Neither the "common knowledge doctrine" nor any other exception applies in this case. An Affidavit of Merit was required and was not submitted by Plaintiffs.

## *CONCLUSION*

For all the reasons stated above, Maser's motion to dismiss count seventeen of Plaintiffs' First Amended Complaint is granted with prejudice.  Although in its Notice of Motion, Maser additionally requests that all Cross Claims against Maser be dismissed due to Plaintiffs' failure to file the Affidavit of Merit, this contention is neither supported by law nor argued anywhere in Maser's brief and is denied.


    /s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.


October _____, 2005