NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BONNIEVIEW HOMEOWNERS ASSOCIATION, LLC, Et al.

        Plaintiff,

v.

WOODMONT BUILDERS, LLC, Et al,

        Defendants.

CIVIL ACTION NO. 03cv4317 (DRD)

OPINION

Appearances

RIKER, DANZIG, SCHERER, HYLAND, & PERRETTI, LLP
Jeffrey B. Wagenbach, Esq.
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
    *Attorneys for Plaintiffs*

SZAFERMAN, LAKIND, BLUMSTEIN, BLADER, & LEHMAN, P.C.
Jeffrey P. Blumstein, Esq.
Quakerbridge Executive Center
101 Grovers Road, Suite 104
Lawrenceville, New Jersey 08648
    *Attorneys for Defendant Post, Buckley, Schuh & Jernigan, Inc.*

HACK, PIRO, O'DAY, MERKLINGER, WALLACE, & MCKENNA
Peter A. Piro, Esq.
30 Columbia Turnpike
Post Office Box 941
Florham Park, New Jersey 07932
    *Attorneys for Defendants Jacob Dunnell, III and Princeton Hydro, LLC*

WOLFF & SAMSON, P.C.
Gage Andretta, Esq.
1 Boland Avenue
West Orange, New Jersey 07052

*Attorneys for Defendants Woodmont Builders, Woodmont Court, David Mandelbaum, Nathan Mandelbaum, Ronald G. Targan, Leslie J. Koralek, Richard W. Koralek, and Associated Sales, Inc.*

## OPINION

**DEBEVOISE, Senior District Judge**

Presently before the court are motions of Defendants Post, Buckley, Schuh & Jernigan, Inc. ("PBS&J"), and Princeton Hydro, L.L.C. ("PH") to dismiss Plaintiffs' complaint. For the reasons set forth below and in this Court's opinion of October 6, 2005, Defendants' motions will be granted.

## DISCUSSION

The Court has reviewed the submissions of all parties involved in these motions and is unpersuaded by Plaintiffs' contention that an Affidavit of Merit was not required for either Defendant PBS&J or Defendant PH. The statement of facts and legal analysis outlined in the Court's opinion of October 6, 2005 explain the law and purpose of the Affidavit of Merit Statute as it pertains to licensed persons sued for negligence in the performance of environmental engineering activities. PBS&J performed a "Phase I" environmental assessment of the property in question, and PH later entered into a contract to ensure that the problems discovered in the Phase I assessment had been remedied. Both Defendants performed their analyses prior to the work performed by Defendant Maser Consulting which was the subject of the October 6, 2005 Opinion.

An Affidavit of Merit is required when suing a licensed engineering firm or agency for

2

professional negligence under a theory of *respondeat superior*, regardless of whether or not the person who actually performed the work was a licensed engineer. Martin v. Perrini Corp., 374 F. Supp. 2d 362, 365 (D.N.J. 1999); See Also Borough of Berlin v. Remington & Vernick Engineers, 337 N.J.Super. 590 (App. Div. 2001). A substantial part of both PBS&J's and PH's business consists of environmental engineering. Both have been issued certificates of authorization to perform engineering services by the New Jersey State Board of Professional Engineers and Land Surveyors. The standard for a Phase I analysis as prescribed by the American Society for Testing and Materials is described in Exhibit "B" to Mr. Blumstein's Declaration. Section 6.5.1 of Exhibit "B" requires that the Phase I analysis be performed by an "environmental professional," and section 11.5 requires that the report prepared from the analysis "shall include the environmental professional's opinion of the impact of recognized environmental conditions in connection with the property."

In the Eleventh Count of the Amended Complaint Plaintiffs allege that PBS&J and PH: "as experts in the fields of environmental consulting and assessment, had a duty to subsequent purchasers of the portions of the property on which they performed environmental consulting services... to provide an accurate assessment of the environmental condition of the [p]roperty." (Am. Compl. ¶ 133) Both defendants are licensed engineering firms, were performing functions included within the definition of environmental engineering as described in the Court's October 6th opinion. PBS&J and PH thus meet the standard for a "licensed person" as described in N.J.S.A. 2A:53A-27 and N.J.S.A. 45:8-28. See Also Nagim v. New Jersey Transit, 369 N.J. Super. 103, 107-109 (Law Div. 2003). For the same reasons as those discussed in the October 6th opinion, expert testimony would certainly be required for the trier of fact to determine if PBS&J

or PH breached its professional duty to perform an "accurate assessment of the environmental condition of the property." Despite Plaintiffs' contention in their brief that these defendants merely conducted a "walk through" of the property, the allegations contained in the Amended Complaint assert a breach of professional responsibility by "experts in the field of environmental consulting," and an Affidavit of Merit was required.

Plaintiffs' additional contention that they substantially complied with the Affidavit of Merit Statute by relying on the affidavit submitted by Defendant Woodmont Builders is without merit. The cases cited by Plaintiffs hold that the Affidavit of Merit Statute is "substantially complied with" if Plaintiffs file an affidavit or certification from another professional with expertise in the field, even though that expert is not an engineer, or if Plaintiffs file a certification instead of an affidavit. See Galik v. Clara Maas Medical Center, 167 N.J. 341, 352 (2001); Cornblatt v. Barro, 153 N.J. 218 (1998); Mayfield v. Community Medical Associates, 335 N.J. Super. 198 (App. Div. 2000). The doctrine of substantial compliance requires that Plaintiffs provide among other things, reasonable notice of petitioner's claim. This Court can find no authority which supports Plaintiffs' argument that the statute is substantially complied with when Plaintiffs take no step at all in compliance with the statute, but instead rely on a separate Defendant to submit an affidavit as part of a cross-claim.

Plaintiffs initiated the present action and are required by the statute to put these Defendants on notice. Plaintiffs were required to file an Affidavit of Merit and they did not. Furthermore, their inaction did not amount to substantial compliance merely because Defendant Woodmont happened to file an Affidavit of Merit due to its cross-claims against PBS&J and PH.

4

## *CONCLUSION*

For all the reasons stated above, PBS&J's and PH's motions to dismiss the Eleventh Count of Plaintiffs' First Amended Complaint are granted with prejudice. Insofar as any notice of motion seeks dismissal of any cross-claims filed against these defendants for failure to file an Affidavit of Merit, those motions are denied.

 /s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

November 22, 2005